UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Wiese USA, Inc.,                                  Case No. 3:17-cv-1967

           Plaintiff,
v.                                                MEMORANDUM OPINION
                                               AND ORDER

Haulotte Group / Bil-Jax, Inc.,

           Defendant.

## I.    INTRODUCTION

Plaintiff Wiese USA, Inc., seeks a declaratory judgment requiring Defendant Haulotte Group / Bil-Jax, Inc. ("Bil-Jax"), to indemnify and defend Wiese in three state-court lawsuits arising out of an alleged accident involving one of Defendant's products and filed in Illinois. (Doc. No. 1). Both Wiese and Bil-Jax have filed motions for summary judgment. (Doc. No. 22; Doc. No. 27). The parties have completed briefing on the motions. For the reasons stated below, I deny Wiese's motion and grant Bil-Jax's motion.

## II.    BACKGROUND

Wiese and Bil-Jax, in some capacity, have had a business relationship dating back to early 2008. (Doc. No. 24-1 at 13-15). Bil-Jax designs and manufactures certain products for use in construction fields, including an aerial boom lift which allegedly in the genesis of this litigation.

(Doc. No. 1 at 3). Wiese contracts with manufacturers to be an authorized dealer of the products and equipment produced by those manufacturers. (Doc. No. 22-1).

In 2012, Wiese and Bil-Jax negotiated an agreement, pursuant to which Wiese would stock, rent, and service Bil-Jax products within a given territory (the "Dealer Agreement"). (Doc. No. 1-1). The Dealer Agreement included an indemnification provision, which states, in part, that Bil-Jax "shall indemnify and hold [Wiese] harmless against and assume the full responsibility for the defense and disposition of all claims or suits asserted against [Wiese] in which it is alleged that death, bodily injury[,] or property damage has been suffered as a result of an occurrence which is due in whole or in part from a producr (sic) defect caused by Haulotte Group / BilJax in the design, manufacture, containerization[,] or identification of the Products . . . ." (*Id.* at 7).

Wiese alleges that, in January 2016, a Bil-Jax aerial boom lift malfunctioned while in use by two employees of a roofing company, causing the employees to fall approximately 30 feet. The roofing company, Sentry Roofing, Inc., had purchased the aerial boom lift from Airworx Construction and Equipment Supply, LLC, and had contracted with Wiese to inspect, maintain, repair, and service the aerial boom lift. (Doc. No. 1 at 3). Following the accident, Sentry and the two employees each filed suit against Airworx, Wiese, and Bil-Jax. Bil-Jax refused Wiese's tender of defense for those lawsuits, leading to this litigation.

### III. STANDARD

Summary judgment is appropriate if the movant demonstrates there is no genuine dispute of material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). All evidence must be viewed in the light most favorable to the nonmovant, *White v. Baxter Healthcare Corp.*, 533 F.3d 381, 390 (6th Cir. 2008), and all reasonable inferences are drawn in the nonmovant's favor. *Rose v. State Farm Fire & Cas. Co.*, 766 F.3d 532, 535 (6th Cir. 2014). A factual dispute is genuine if a reasonable jury could resolve the dispute and return a verdict in the nonmovant's favor.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A disputed fact is material only if its resolution might affect the outcome of the case under the governing substantive law. *Rogers v. O'Donnell*, 737 F.3d 1026, 1030 (6th Cir. 2013).

### IV. ANALYSIS

Wiese and Bil-Jax have filed cross motions for summary judgment. Wiese argues the indemnity provision of the Dealer Agreement is enforceable and that it is entitled to a declaratory judgment in its favor. (Doc. No. 22). Bil-Jax argues the indemnification provision is not enforceable because the Dealer Agreement does not contain the signature of an individual authorized to sign on Bil-Jax's behalf, and that Wiese's claim for common-law indemnification also fails. (Doc. No. 27-1).

Wiese abandoned its claim for common-law indemnity, (Doc. No. 33 at 3 n.1), but argues the indemnification provision is enforceable because it is excepted from the Statute of Frauds under the leading-objection exception or because the Dealer Agreement satisfies the Statute of Frauds. I conclude the indemnity provision of the Dealer Agreement is unenforceable because it does not comply with the Statute of Frauds.

Ohio law[1] requires that an indemnity agreement be in writing and signed by the party who would be required to provide indemnity to another party. Ohio Rev. Code § 1335.05 ("No action shall be brought whereby to charge the defendant, upon a special promise, to answer for the debt, default, or miscarriage of another person . . . unless the agreement upon which such action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charged therewith or some other person thereunto by him or her lawfully authorized.").

While the Dealer Agreement fulfills the writing requirement, no party has produced a copy of the Dealer Agreement which contains the signature of an authorized Bil-Jax employee or agent.

---

[1] The Dealer Agreement calls for the application of Ohio law. (Doc. No. 1-1 at 7).

3

The lack of this evidence is fatal to Wiese's claims for a declaratory judgment. *Bank of New York Mellon v. Rhiel*, 122 N.E.3d 1219, 1225 (Ohio 2018) ("It is the party's signature, and not any other indication of identity, that is fundamental to the enforcement of a contract governed by the statute of frauds."). While it is true an unsigned agreement may be construed together with other documents in order to meet the requirements of the Statue of Frauds, *see, e.g., Thayer v. Luce*, 22 Ohio St. 62 (1871), Wiese has not produced a signed document that refers to the Dealer Agreement.

Nor has Wiese demonstrated that the leading object exception removes the indemnity agreement from the reach of the Statute of Frauds. The leading object rule removes an oral indemnification agreement from the requirements of the Statute of Frauds where there is evidence the promisor's principal purpose, or "leading object" is to "subserve his own business or pecuniary interest." *Wilson Floors Co. v. Sciota Park, Ltd.*, 377 N.E.2d 514, 518 (Ohio 1978).

Wiese does not identify an oral promise by Bil-Jax to indemnify Wiese. Instead, the record evidence shows Wiese inserted the indemnification language at issue in a draft of the Dealer Agreement Wiese sent to Bil-Jax. (Doc. No. 24-1 at 30, 32). While Bil-Jax apparently did not object to the inclusion of this provision in the Dealer Agreement, the record does not contain evidence sufficient to show Bil-Jax made a promise to indemnify or that such a promise was made for Bil-Jax own business or pecuniary interest. Wiese fails to show as a matter of law that the leading object rule removes the exchange of proposed written promises from the reach of the Statute of Frauds.

The indemnity provision of the Dealer Agreement must comply with the Statute of Frauds. It does not and therefore it is unenforceable. *Olympic Holding Co. v. ACE Ltd.*, 909 N.E.2d 93, 99 (Ohio 2009) ("Agreements that do not comply with the statute of frauds are unenforceable.").

## V. CONCLUSION

For the reasons stated above, I deny Wiese's motion for summary judgment, (Doc. No. 22), and grant Bil-Jax's motion for summary judgment. (Doc. No. 27). Further, I deny the parties' motion for a status conference, (Doc. No. 37), as moot.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge